UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Livonia Diagnostic Center, P.C.,

    Plaintiff,

v().                                      Case No. 11-15208

Neurometrix, Inc., *et al.*,              Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

On May 3, 2012, this Court held a hearing on Defendants' Motion to Dismiss and Plaintiff's Motion to Remand. Shortly before that hearing, however, Plaintiff filed a motion seeking leave to file a First Amended Complaint. Following that hearing, this Court denied Plaintiff's Motion to Remand. The Court also dismissed the Consumer Protection Act claim because Plaintiff's counsel agreed that count failed to state a claim. The Court adjourned the hearing on Defendants' Motion to Dismiss, so that Defendants could have the opportunity to respond to Plaintiff's Motion to Amend. Thus, Defendants' Motion to Dismiss and Plaintiff's Motion to Amend are currently before the Court. The Court held its second hearing on June 14, 2012. For the reasons set forth below, the Court concludes that Plaintiff's proposed amendments are futile because the proposed amended complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court shall therefore DISMISS this action.

**BACKGROUND**

On or about October 20, 2011, Plaintiff Livonia Diagnostic Centers, P.C. ("Plaintiff") filed this action against Defendants. Defendants removed the matter to this Court on November 28, 2011, based upon diversity jurisdiction.

Plaintiff's original complaint asserted claims against the following three Defendants: 1) Neurometrix, Inc. ("Neurometrix"); 2) Shai N. Gozani ("Gozani"); and 3) John Grabill ("Grabill"). Plaintiff's original complaint stated that the "subject matter of this lawsuit concerns the purchase and sale of medical equipment commonly known as the NC-Stat System for Nerve Conduction Studies." (Compl. at ¶ 5). Plaintiff's Complaint asserted three claims: 1) "Breach of Contract" (Count 1); 2) "Misrepresentation" (Count 2); and 3) "Consumer Protection" (Count 3).

On December 12, 2011, Defendants filed a Motion to Dismiss (Docket Entry No. 3), asserting eight separate grounds for relief.

On December 30, 2011, Plaintiff filed a "Brief in Opposition to Defendants' Motion to Dismiss," wherein it stated that Defendants' motion "assert[s] exhaustive defenses which are too numerous to address." (Docket Entry No. 6 at 3). Nevertheless, Plaintiff did respond to some of the challenges in that brief.

Defendants' Motion to Dismiss was scheduled to be heard by the Court on May 3, 2012. On April 25, 2012 – one week before the scheduled hearing on Defendants' Motion to Dismiss and more than four months after Defendants had filed their Motion to Dismiss – Plaintiff's counsel filed "Plaintiff's Motion to Amend Its Complaint." (Docket Entry No. 19). Along with that submission was Plaintiff's proposed "First Amended Complaint." (*Id.* at pages 6-20).

Plaintiff's proposed First Amended Complaint seeks to assert claims against the following Defendants: 1) Neurometrix; 2) Grabill; 3) Duke Shegos ("Shegos"); and 4) Tony Zeringue ("Zeringue"). It asserts the following claims: 1) Breach of Contract (Count 1); 2) Misrepresentation (Count 2); and 3) Unjust Enrichment (Count 3).

The Court held a hearing on May 3, 2012. Because of the timing of the filing of Plaintiff's Motion to Amend, however, Defendants did not have an opportunity to file a response in opposition to that motion before the hearing date. The Court therefore adjourned the hearing until June 14, 2012. The Court ordered that Defendants were to file their response to the Motion to Amend no later than May 10, 2012, and that Plaintiff was to file any Reply Brief no later than May 17, 2012.

On May 10, 2012, Defendants filed their response to the pending Motion to Amend, stating their opposition to Plaintiff's request to file its proposed First Amended Complaint.

On May 17, 2012, Plaintiff filed its Reply Brief. In violation of Local Rule 7.1, and without seeking leave of this Court to do so, Plaintiff filed a 10 page reply brief. In addition, the Reply Brief filed improperly[1] attached yet a different proposed amended complaint – Plaintiff's proposed "Revised First Amended Complaint." (Docket Entry No. 23-1).

This Court issued an order striking Plaintiff's Reply Brief, but allowing him to refile a reply brief comporting with the Court rules. (Docket Entry No. 25). That order also explained

---

[1] If Plaintiff wished to seek leave to file a different amended complaint, Plaintiff was required to file a new Motion for Leave to File an Amended Complaint and attach the proposed pleading to that motion. (*See* Local Rule 15.1 Form of a Motion to Amend and Its Supporting Documentation, stating that "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.").

that "Plaintiff may not attach a new proposed complaint as an exhibit to its Reply Brief because doing so deprives the opposing party the opportunity to voice its arguments in opposition to the operative proposed complaint." (Docket Entry No. 25).

Thereafter, Plaintiff filed a new Reply Brief, which is five pages. That brief states that "Plaintiff also requests leave to file its Revised First Amended Complaint," and in a footnote states "[t]o the extent permissible, Defendants should have an opportunity to respond." (Docket Entry No. 26 at 5 n.8).

**ANALYSIS**

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Plaintiff may amend its complaint only with the opposing party's written consent or this Court's leave. FED. R. CIV. P. 15(a). The rule further provides that the "Court should freely give leave where justice so requires." (*Id*.). Defendants oppose Plaintiff's motion so Plaintiff must obtain leave of this Court in order to amend its complaint.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Perkins v. American Elec. Power Fuel Supply, Inc*., 246 F.3d 593 (6th Cir. 2001), the Sixth Circuit listed several factors to consider in evaluating motions seeking leave to file an

amended complaint:

> [T]he delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments.

*Id*. at 605.

Thus, a district court may deny leave to amend a complaint if the Court finds that the proposed amendment would be futile. *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 569 (6th Cir. 2003). The Court should consider motions to dismiss in light of proposed amendments to the complaint and determine whether the deficiencies in the complaint would have been cured by the proposed amendments. *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000).

Here, Defendants contend that Plaintiff's proposed amendments fail to cure the deficiencies in the original complaint. They contend that the proposed amended complaint cannot withstand a motion to dismiss. They contend it must be dismissed on numerous grounds, including: 1) that all claims are barred by the applicable statutes of limitations; 2) that Plaintiff's breach of contract claim fails because the proposed amended complaint does not allege the terms of the alleged agreement or how they were breached; 3) that Plaintiffs' misrepresentation claim is barred by the economic loss doctrine; 4) that the misrepresentation claim fails because the amended complaint fails to allege any false statement of past or existing fact; 5) that the amended complaint does not plead fraud or misrepresentation with particularity, as required by Fed. R. Civ. P. 9(b); 6) that the unjust enrichment claim fails because Plaintiff alleges that a contract governs this dispute; 7) that the unjust enrichment claim fails because Plaintiff fails to allege any benefit obtained by Defendants that resulted in an inequity to Plaintiff; and 8) the

amended complaint fails to state any claim as to Defendant Grabill.

Of the numerous grounds for relief discussed by Defendants, Plaintiff's Reply Brief responds to the statute of limitations challenge and the challenge under the economic loss doctrine. It further states that Plaintiff requests leave to file its Revised First Amended Complaint.

As explained below, the Court concludes that Plaintiff's proposed amendments are futile because Plaintiff's proposed complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

**A.     Breach of Contract Claim**

This claim is asserted against Defendant Neurometrix alone. (Pl.'s proposed Revised First Am. Compl. at ¶ 59).

Defendants challenge the breach of contract claim on the basis that the proposed amended complaint does not allege the terms of the alleged agreement or how they were breached. They contend that Plaintiff's proposed amended pleading still does not survive their challenge under Fed. R. Civ. P. 12(b)(6). The Court agrees.

When ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the well-pleaded factual allegations as true. *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Here, Plaintiff's proposed Revised First Amended Complaint alleges the following with respect to Plaintiffs' Breach of Contract claim:

> 60. The parties formed an agreement, both orally and/or by conduct, whereby Defendant:
>
>   a. Provided Plaintiff with a NC-stat device, docking station and biosensors/electrodes.
>   b. Provided Plaintiff with training, education and support for the NC-stat System and medical billing.
>   c. Provided Plaintiff with medical services, computer algorithms on readings, written reports with analysis, results of the nerve conduction study, and NC-stat On Call Reports of nerve conduction studies for each individual patient. (See Exhibits 7 and 11)
>   d. Provided Plaintiff with billing instructions, billing codes and reimbursement rates for Medicare, Blue Cross and other insurances for nerve conduction procedures. (See Exhibits 13, 14, 15, 16).
>   e. **Promised Plaintiff that each nerve conduction procedure would generate certain revenues, costs and net profits from insurance companies**. (See Exhibit 16).
> 61. Defendant has failed and/or refused to perform its expressed and/or implied contractual obligations to Plaintiff.
> 62. On March 18, 2010, Defendant first breached the agreement because the insurance company denied the claims as experimental and are seeking recovery for overpayment. (See Exhibit 2).
> 63. **Defendant breached the agreement because the NC-Stat System failed to generate the revenues and net profits as promised by the**

>    **Defendant. (See Exhibits 2, 16).**
> 64.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and will continue to suffer damages.

(Pl.'s Proposed Revised First Am. Compl. at 12-14) (emphasis added).

To state a claim for breach of contract in Michigan, a plaintiff is required to allege: 1) the existence of a valid contract between the parties; 2) the terms of the contract; 3) that defendants breached the terms of the contract; and 4) that the defendants' breach caused the injury to the plaintiff. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999); *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003).

Plaintiff must allege facts that state a plausible claim for breach of contract under Michigan law. In order to do so, Plaintiff needs to allege the terms of the alleged contract that the parties agreed to, and how Defendant breached those agreed upon terms.

Plaintiff alleges that Defendant Neurometrix – a corporate entity – "Promised Plaintiff that each nerve conduction procedure would generate certain revenues, costs and net profits from insurance companies. (See Exhibit 16)." (Pl.'s Proposed Revised First Am. Compl. at 60(e)).[2] That legal conclusion, however, is unsupported by any factual allegations as to: 1) the existence of any written contract wherein Defendant made such a promise; or 2) any oral agreement wherein a representative of Neurometrix made such a promise on behalf of the corporation. Rather, the complaint refers to Exhibit 16 as the basis for asserting that Defendant made the

---

[2] Paragraph 60(e) is the only alleged contractual promise that is alleged to have been breached by Defendant. Plaintiff alleges that "Defendant breached the agreement because the NC-Stat System failed to generate the revenues and net profits as promised by the Defendant." (*Id.* at ¶ 62).

8

alleged contractual promise. Plaintiff's Exhibit 16 is a one-page document with the title "Michigan Medicare Example." The document references "average" reimbursement rates in 2005. The document does not contain any language making promises or guarantees as to either current or future reimbursement rates, or even any language making projections as to future rates.

The Court concludes that Plaintiff's proposed Revised First Amended Complaint – Plaintiff's third attempt at pleading this claim – fails to state a plausible claim for breach of contract.

**B.     Misrepresentation and Fraud**

Count 1 of Plaintiff's proposed Revised First Amended Complaint asserts a "Misrepresentation and Fraud" claim. This count is asserted against four different Defendants: 1) Neurometrix, 2) Grabill, 3) Shegos, and 4) Zeringue.

Under Michigan law, this claim has the following essential elements: 1) the defendant made a material representation; 2) the representation was false; 3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; 4) the defendant made the representation with the intention that the plaintiff would act upon it; 5) the plaintiff acted in reliance upon it; and 6) the plaintiff suffered damage. *Bennett v. MIS Corp.*, 607 F.3d 1076, 110-11 (6th Cir. 2010). In addition, such a claim "must be predicated upon a false statement relating to a past or existing fact; promises regarding the future are contractual and do not support a claim for fraud." *Id*. (citing *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330 (1976)).

9

Moreover, pursuant to Fed. R. Civ. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This claim must satisfy the particularity pleading requirements of Rule 9(b). Thus, Plaintiff's complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998); *see also Haisha v. Countrywide Bank, FSB,* 2011 WL 2271319 (E.D. Mich. 2011).

Defendants contend that this count fails to state a claim for a number of reasons, including that: 1) the claim is not pleaded with particularity; and 2) the complaint fails to allege any false statement of past or existing fact. Both arguments are well taken.

First, the claim is not pleaded with the requisite particularity. Although Defendants have challenged this claim for failure to plead with particularity as required by Fed. R. Civ. P. 9(b) since December 12, 2011, and Plaintiff has since offered two proposed amended complaints, Plaintiff's most recent proposed amended complaint continues to reference statements as being made by "Defendants" without any indication as to which of the multiple Defendants allegedly made the statements.[3] Such generic pleading, without identifying which of several Defendants made any alleged statement, does not satisfy Rule 9(b)'s particularity requirement.

---

[3] The only paragraph that specifies any statements allegedly made by a specific Defendant is in Paragraph 37, where Plaintiff alleges that, on several unspecified dates, Grabill made unspecified representations by telephone concerning billing codes, billing instructions and reimbursement rates. Plaintiff fails to specify the substance of the statements alleged to have been made or when they were made.

Second, Plaintiff's proposed Revised First Amended Complaint does not allege any specific false statements made by Defendants that were false at the time they were made. To the contrary, the gravamen of Plaintiff's complaint is that Defendant's representatives provided Plaintiff with "inflated financial projections of anticipated reimbursement revenues of the NC-Stat System" (Pl.'s proposed Revised First Am. Compl. at 38(a)) and Plaintiff does not allege that it incurred any injury until March 18, 2010, when one insurance company denied claims submitted by Plaintiff. (*Id.* at ¶ 62).

## C.     Unjust Enrichment

Plaintiff's original complaint did not assert an unjust enrichment claim. Count 3 of Plaintiff's proposed First Amended Complaint seeks to assert an unjust enrichment claim. As to this Count it states, in its entirety:

> 56.   The allegations contained in the preceding paragraphs are incorporated as fully set forth herein.
> 57.   To the extent this Court finds there is no expressed agreement between the parties, or to the extent equity and justice so requires, Plaintiff pleads Count 3 in the alternative.
> 58.   Defendant received a benefit of money from Plaintiff.
> 59.   Inequity has resulted to Plaintiff because of the retention of the benefit by Defendant.
> 60.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has suffered and will continue to suffer damages.
> 
> WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in its favor and against Defendants, jointly and severally, and award damages, costs of litigation, attorney's fees, and all just proper relief.

(Pl.'s proposed First Am. Compl. at 14-15).

In its brief opposing the proposed amendment as futile, Defendants asserted that this claim fails because "Plaintiff has failed to allege any benefit unjustly retained by Defendants or

any resulting inequity to Plaintiff."

The Court agrees that Plaintiff's unjust enrichment count, as pleaded in Plaintiff's proposed First Amended Complaint, is futile because it cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff's Reply Brief then attached Plaintiff's proposed Revised First Amended Complaint as its sole exhibit. (Docket Entry No. 23-1). Count 3, as set forth in Plaintiff's proposed Revised First Amended Complaint asserts, in its entirety:

> 65. The allegations contained in the preceding paragraphs are incorporated as fully set forth herein.
> 66. To the extent this Court finds there is not expressed contract between the parties, or the extent equity and justice so requires, Plaintiff pleads Count 3 in the alternative.
> 67. Unjust Enrichment Count 2 [sic] applies only to Defendant Neurometrix.
> 68. Defendant received a benefit of money from Plaintiff. (See Exhibit 17).
> 69. Inequity has resulted to Plaintiff because of the retention of the benefit by Defendant.
> 70. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has suffered and will continue to suffer damages.
> WHEREFORE, Plaintiff request that this Honorable Court enter judgment in its favor and against Defendant Neurometrix, and award damages, costs of litigation, attorney's fees, and all just and proper relief.

(Pl.'s proposed Revised First Am. Compl. at 14-15). Thus, in response to Defendants' assertion that "Plaintiff has failed to allege any benefit unjustly retained by Defendants or any resulting

inequity to Plaintiff," Plaintiff proposes amending this count to add "(See Exhibit 17")" to its paragraph alleging that Defendant received a benefit of money from Plaintiff. However, Plaintiff has not filed an "Exhibit 17" to either of its proposed amended complaints.[4]

The Court concludes that the proposed amendment to this claim does nothing to alter the conclusion that this count does not survive a motion to dismiss under Rule 12(b)(6).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED and this action shall be DISMISSED.

IT IS SO ORDERED.

          S/Sean F. Cox  
          Sean F. Cox  
          United States District Judge

Dated: June 19, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 19, 2012, by electronic and/or ordinary mail.

          S/Jennifer Hernandez  
          Case Manager

---

[4] Plaintiff's Motion to Amend was filed as one document (Docket Entry No. 19) and it included Plaintiff's proposed First Amended Complaint at pages 6 through 20, and documents marked as Exhibits 1 through 16 at pages 21 through 55. (Docket Entry No. 19). Plaintiff's proposed Revised First Amended Complaint was filed as Exhibit 1 to Plaintiff's Reply Brief (Docket Entry No. 23) and it did not include any exhibits.