UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Livonia Diagnostic Center, P.C.,

    Plaintiff,

v.                                                                        Case No. 11-15208

Neurometrix, Inc., *et al.*,                                              Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER DENYING
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (D.E. NO. 29) AND
PLAINTIFF'S ADDITIONAL MOTIONS SEEKING LEAVE TO FILE AN AMENDED
COMPLAINT (D.E. NOS. 30 & 31).**

    This matter is currently before the Court on Plaintiff's Motion to Alter or Amend Judgment and Plaintiff's additional motions seeking leave to file an amended complaint. Pursuant to Local Rule 59.1, the motions will be decided without oral argument and without a response from Defendants. For the reasons set forth below, the Court shall DENY the motions.

**BACKGROUND**

    Plaintiff filed this action on or about October 20, 2011. Defendants removed the action to this Court on November 28, 2011.

    On December 12, 2011, Defendants filed a Motion to Dismiss. Plaintiff opposed the motion and asked the Court for leave to file an amended complaint.

    On June 19, 2012, after two hearings and full briefing by the parties, this Court issued an Opinion & Order granting Defendants' Motion to Dismiss. (D.E. No. 27). As explained in that Opinion & Order, even after considering the allegations set forth in three different proposed

1

pleadings, the claims asserted by Plaintiff did not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  This Court issued a Judgment on June 19, 2012. (D.E. No. 28).

On July 17, 2012, Plaintiff filed a "Motion and Brief to Alter or Amend a Judgment." (D.E. No. 29).

On July 23, 2012, Plaintiff filed two additional motions seeking leave to file an amended complaint.  (D.E. Nos. 30 & 31).

## ANALYSIS

A stricter standard than that applied to motions for reconsideration[1] applies to motions filed under Fed. R. Civ. P. 59(e).  *A.C.L.U. of Kentucky v. McCreary Cty., Kentucky*, 607 F.3d 439, 450 (6th Cir. 2010).

Here, as in *Leisure Caviar, LLC*, Plaintiff filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), then separately filed additional motions seeking leave to file an amended complaint.  *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv*., 616 F.3d 612 (6th Cir. 2010).

---

[1] Although Plaintiff indicates that its motion is brought pursuant to Fed. R. Civ. P. 59(e), the motion includes references to motions for reconsideration.  Local Rule 7.1(h) governs motions for reconsideration and provides that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."  Local Rule 7.1(h)(1).  Thus, even if Plaintiff's July 17, 2012 motion were construed as a motion for reconsideration of this Court's June 19, 2012 Opinion & Order, it would be untimely.  Moreover, a motion for reconsideration is not properly used as a vehicle to "advance positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003).  Plaintiff's motion asks this Court to reconsider its prior decision in light of a second affidavit from Plaintiff's own Billing Manager and therefore raises arguments that could have been argued earlier but were not.   Accordingly, even if this Court construed the pending motion as a motion for reconsideration, this Court would find the motion without merit.

As explained in *Leisure Caviar, LLC*, when a party seeks to amend a complaint after an adverse judgment, it shoulders a heavy burden. Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. *Id*. at 615-16. "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id*. (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)). "That would sidestep the narrow grounds for obtaining post-judgment relief" under Rule 59. *Leisure Caviar, LLC*, 616 F.3d at 616. Accordingly, instead of having only to meet the modest requirements of Rule 15, the plaintiff must meet the requirements under Rule 59. *Id*.

Under the Rule 59(e) standard, a court may grant a motion to alter or amend judgment only if there was: 1) a clear error of law; 2) newly discovered evidence; 3) an intervening change in controlling law; or 4) a need to prevent manifest injustice. *Id.; see also Gencorp, Inc. v. American Int'l Underwriters*, 178 F.2d 804, 834 (6th Cir. 1999).

Plaintiff's motion does not discuss the Rule 59(e) standard, or specifically identify the grounds upon which it asks the Court to grant its motion. Nevertheless, it appears that Plaintiff asks the Court to grant the motion based on newly discovered evidence.

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Gencorp, Inc*., 178 F.3d at 834; *see also Leisure Caviar*, *LLC v. U.S. Fish and Wildlife Serv*., 616 F.3d 612, 614 & 617 (6th Cir. 2010).

Here, the "new evidence" that Plaintiff submits is a *second* affidavit from *Plaintiff's own Billing Manager*. Such evidence was not previously unavailable because Plaintiff has had access

3

to its own Billing Manager since the onset of this action. "A plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued.'" *Id*. (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion to Alter or Amend Judgment (D.E. No. 29) and Plaintiff's additional motions seeking leave to file an amended complaint (D.E. Nos. 30 & 31) are DENIED.

IT IS SO ORDERED.

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: July 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2012, by electronic and/or ordinary mail.

                S/Jennifer Hernandez
                Case Manager